Filed 1/30/24  Conservatorship of the Person of Linda M. CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Conservatorship of the Person of LINDA M. | |
| PUBLIC GUARDIAN OF CONTRA COSTA COUNTY, as Conservator, etc., | A166105 |
| Petitioner and Respondent, | |
| v. | (Contra Costa County Super. Ct. Nos. MSP21-01104, MSP22-00247) |
| LINDA M., | |
| Objector and Appellant. | |

**MEMORANDUM OPINION**

Linda M. appeals from an order granting the petition of the Public Guardian of Contra Costa County (Public Guardian) to establish a conservatorship for a one-year period after a jury found her gravely disabled within the meaning of the Lanterman-Petris-Short Act (the Act) (Welf. & Inst. Code, § 5000 et seq.)[1]  Linda challenges this order on the grounds that the trial court erred in admitting her medical records under the general

---

[1] Unless otherwise stated, all statutory citations herein are to the Welfare and Institutions Code.

1

business records exception to the hearsay rule.[2]  Linda reasons that the use of medical records at a jury trial pursuant to the Act contravenes section 5354, which she insists is controlling and supersedes the business records exception.[3]

As a threshold matter, we conclude this appeal is moot given that Linda's conservatorship terminated by operation of law in June 2023.  " '[A]n action that involves only abstract or academic questions of law cannot be maintained.  [Citation.]  And an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.'  (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 749, p. 814; [citation].)  If the issues on appeal are rendered moot, a reversal would be without practical effect, and the appeal

---

[2] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.  We decline to recite the full factual and procedural background of this case for purposes of this opinion because the opinion is unpublished and the parties know or should know the case's underlying facts and procedural history.  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion that simply reviews the correctness of the lower court decision "does not merit extensive factual or legal statement"].)

[3] Section 5354, subdivision (a) lays out the duties of the investigating officer in a conservatorship case, which include preparing "a written report of investigation prior to the hearing."  The provision further provides, in relevant part:  "The report to the court shall be comprehensive and shall contain all relevant aspects of the person's medical, psychological, financial, family, vocational, and social condition, and information obtained from the person's family members, close friends, social worker, or principal therapist. . . .  The facilities providing intensive treatment or comprehensive evaluation shall disclose any records or information that may facilitate the investigation. . . .  The court may receive the report in evidence and may read and consider the contents thereof in rendering its judgment."

will be dismissed." (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866.)

Further, even were we to exercise our discretion to nonetheless consider her appeal, there are other fundamental problems that render consideration of its merits unnecessary.

First, as the Public Guardian notes, Linda did not argue below that medical records are inadmissible hearsay in conservatorship cases as a matter of law pursuant to section 5354. Instead, Linda raised hearsay objections to particular statements in her medical records, many of which the court sustained, and the court made necessary redactions before admitting the records at trial. Under these circumstances, we conclude her new argument, which hinges on a previously unraised statutory interpretation question, is forfeited. (*People v. Boyette* (2002) 29 Cal.4th 381, 424 [while defendant objected to photographic evidence on state law grounds, to "the extent defendant argues that admission of the photographic evidence violated his federal constitutional rights . . . we find those issues were not preserved for appeal because defendant did not object at trial on those specific grounds"].) " 'Specificity is required both to enable the court to make an informed ruling on the motion or objection and to enable the party proffering the evidence to cure the defect in the evidence.' " (*Ibid.*)

Second, even accepting for the sake of argument Linda's claim that section 5354 bars admission of medical records, there still would be no basis for reversal. There is a wealth of other evidence in the record supporting the jury's finding that she was gravely disabled due to a mental disorder. (See § 5008, subd. (h)(1)(A) [a person is "gravely disabled" if, as a result of a mental disorder, the person "is unable to provide for their basic personal needs for food, clothing, [or] shelter"].)

Specifically, testimony from Linda's psychiatrist and her husband established she was gravely disabled as a result of suffering from a schizoaffective disorder. Dr. Michael Levin, who evaluated Linda in February and June of 2022, testified that she displayed grandiose and delusional thoughts, including believing that she was the richest woman in the world and that two United States Supreme Court justices were in the jury pool. Dr. Levin opined that Linda lacked insight into her condition. In particular, Linda knew she was prescribed a monthly injection of Haldol but did not believe she needed it. Linda told Dr. Levin that she would stop taking her medication if she were not conserved. According to Dr. Levin, this would cause her symptoms of schizoaffective disorder to worsen. He described Linda as minimally responsive to treatment with a limited and impaired ability to function in a normal fashion.

Linda's husband, in turn, testified that Linda went to live with him after her most recent conservatorship ended. During this time, she engaged in unsafe behavior that included burning food while cooking and burning important paperwork and checks in the fireplace. Linda frequently talked to voices that she heard in her head. Once, during an altercation, Linda shoved her husband to the ground, causing him to break a rib. He called the police because he lacked the strength to control her. Linda's husband suffered from several health conditions that made it difficult for him to take care of Linda's needs.

Given this evidence of her grave disability, Linda's challenge to the now expired conservatorship would fail even if it were ripe, which it is not. Accordingly, we dismiss her appeal.

4

# DISPOSITION

The appeal is dismissed.


Jackson, P. J.


WE CONCUR:

Simons, J.
Chou, J.

A166105/*Public Guardian of Contra Costa County v. Linda M.*

5